IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BANK OF BREWTON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:13-cv-151-MEF |
| | ) |
| THE TRAVELERS COMPANIES, INC., | )   (W.O.—Do Not Publish) |
| *et al.* | ) |
| | ) |
|     Defendants. | ) |

## **O R D E R**

Before the Court is the Motion to Transfer (Doc. #2) filed by The Travelers Companies, Inc. and St. Paul Guardian Insurance Company (collectively, "Defendants") on March 12, 2013, which moves the Court to transfer this action to the United States District Court for the Southern District of Alabama. On March 22, 2013, Plaintiff Bank of Brewton ("Plaintiff") filed its Response to Motion to Transfer Venue (Doc. #4), which opposes Defendants' motion, and on April 3, 2013, Defendants filed a reply in support of their motion (Doc. #12). On April 5, 2013, Plaintiff filed a motion for leave to file a surreply brief (Doc. #13), which the Court granted (Doc. #14), and Plaintiff filed its surreply on April 8, 2013 (Doc. #15). This is a diversity action that Defendants properly removed to federal court on March 11, 2013. (Doc. #1.)

Unless otherwise provided by law, 28 U.S.C. § 1391 "shall govern the venue of all civil actions brought in district courts of the United States." 28 U.S.C. § 1391(a)(1). Under 28 U.S.C. § 1391(b), a civil action may only be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial

part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." The law further provides, "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

The Court finds venue improper in the Middle District of Alabama under the three prongs of 28 U.S.C. § 1391(b). The first prong does not provide a basis for venue because the defendants in this action do not reside in the same state. *See* 28 U.S.C. § 1391(b)(1). The second prong does not provide a basis for venue either, because no substantial part of the events or omissions giving rise to Plaintiff's claims are alleged to have occurred in this district, and no substantial part of property involved in this litigation is situated in this. *See* 28 U.S.C. § 1391(b)(2). Finally, the third prong provides no basis for venue because there is another district in which this action could have been brought—the Southern District of Alabama, where the events giving rise to this action occurred. *See* 28 U.S.C. § 1391(b)(3).

For the reasons outlined above, the Court finds that venue is improper in the Middle District of Alabama, and this case is due to be transferred to the Southern District of Alabama. *See* 28 U.S.C. § 1391(b); 28 U.S.C. § 1404(a).

It is hereby ORDERED that Defendants' Motion to Transfer Venue (Doc. #2) is GRANTED. It is further ORDERED that this action be, and hereby is, TRANSFERRED to the United States District Court for the Southern District of Alabama, Southern Division for all further proceedings.

DONE this the 9th day of April, 2013.

                                              /s/ Mark E. Fuller
                                              UNITED STATES DISTRICT JUDGE