IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BANK OF BREWTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:13-cv-151-MEF |
| ) | (WO—Do Not Publish) |
| THE TRAVELERS COMPANIES, INC., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

# **O R D E R**

Before the Court is Plaintiff Bank of Brewton's Motion for the Court to Reconsider its Transfer of Venue (Doc. #17) filed on April 10, 2013. Upon consideration of the venue issues briefed by the parties, the Court finds this motion is due to be DENIED.

Plaintiff Bank of Brewton ("Plaintiff"), a community bank located in Brewton, Escambia County, Alabama, originally filed this insurance-coverage action alleging breach of contract and bad faith in the Circuit Court of Montgomery County, Alabama, on February 15, 2013. (Doc. #1-4.) On March 11, 2013, Defendants St. Paul Guardian Insurance Company and the Travelers Companies, Inc. ("Defendants") properly removed this action to federal court. (Doc. #1.)

On March 12, 2013, Defendants moved to transfer venue to the Southern District of Alabama. (Doc. #2.) The Court gave the parties the opportunity to brief the issues relevant to the transfer decision, and once the issues were ripe for disposition, the Court entered an order granting Defendants' Motion to Transfer Venue. (Doc. #16.)

In that Order, the Court decided that venue was improper in the Middle District of Alabama. (Doc. #16.) In its Motion for the Court to Reconsider its Transfer of Venue, Plaintiff argues that venue was proper in the Middle District of Alabama due to the residency of Defendants, which are corporations, citing 28 U.S.C. §§ 1391(b)(1), 1391(c)(2), and 1391(d). (Doc. #17, at 1–3.) The Court does not find this argument meritorious.

Even if venue is proper in the Middle District, changing venue is within the district court's broad discretion. *See* 28 U.S.C. § 1404(a). Section 1404(a) provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

The Eleventh Circuit has further provided courts with the following factors to consider on a motion to transfer venue pursuant to Section 1404(a):

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

Considering these factors, the Court finds that they weigh in favor of a transfer of venue to the Southern District of Alabama. The Court finds particularly significant the fact that the locus of operative facts is in the Southern, as opposed to the Middle, District. *See id.* This is an insurance-coverage case involving whether Bank of Brewton, a community

bank located in Brewton, Alabama, sustained a covered loss. (Doc. #1-4, at 1.) Brewton, Alabama is located in Escambia County in the Southern District. The Court believes it preferable for controversies to be resolved where they arise, which in this case would be the Southern District. Furthermore, the Court finds that venue in the Southern District is supported by the convenience of the non-party witnesses primarily located in Brewton, the location of relevant documents and sources in Brewton, and the interests of justice, based on the totality of the circumstances, including the location of the Bank of Brewton. *See id.*

Accordingly, it is hereby ORDERED that Defendants' motion (Doc. #17) is DENIED.

DONE this the 5th day of August, 2013.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE